IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| FIRESTONE FINANCIAL, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | Amount claimed: $173,595.72, plus |
| TATAR INC., | ) | prejudgment interest at the rate of |
| ALEKSANDER TATAR, | ) | twelve percent (12%) per annum, |
| ACA TRUCKING PARTNERS INC., | ) | attorneys' fees and costs |
| FIX AND TOW, INC. and RADIVOJ SAVIC a/k/a | ) | |
| SAVIC RADIVOJ | ) | |
| | ) | |
| Defendants. | ) | |

## VERIFIED COMPLAINT

NOW COMES FIRESTONE FINANCIAL, LLC ("Firestone"), by and through counsel, and for its Verified Complaint against TATAR INC. ("TI"), ALEKSANDER TATAR ("Tatar"), ACA TRUCKING PARTNERS INC. ("ACA"), FIX AND TOW, INC. ("Fix and Tow") and RADIVOJ SAVIC a/ka SAVIC RADIVOJ ("Savic") (collectively the "Defendants"), states as follows:

## PARTIES

1. Firestone is a limited liability company registered under the laws of the Commonwealth of Massachusetts, with its principal place of business in Rhode Island. Firestone's sole member is Berkshire Bank, a bank chartered under the laws of the Commonwealth of Massachusetts. Berkshire Bank's principal place of business is located in Pittsfield, Massachusetts.

2. TI is a New York corporation with its principal place of business located at 2407 23rd Ave., Apt. 2, Astoria, NY 110005.

3. Tatar is a citizen of the State of New York, who maintains his domicile at 2407

23rd Ave., Apt. 2, Astoria, NY 110005.

4. ACA is an Indiana corporation with its principal place of business located at 2809 Ralston St., Gary, IN 46406.

5. Fix and Tow is an Illinois corporation with its principal place of business located at 4521 Elm Ave., #1B, Brookfield, IL 60513.

6. Savic is a citizen of the State of Illinois, who maintains his domicile at 4521 Elm Ave., #1B, Brookfield, IL 60513.

7. This matter relates to a borrower's, TI, and its principal's, Tatar, refusal to surrender the lender's Trucks by giving the Trucks (and the titles) to a third party, Fix and Tow, and its principal, Savic. The Trucks were surrendered to Fix and Tow at its lot in Griffith, Indiana. Specifically, instead of surrendering the Trucks to Firestone, Tatar gave the Trucks <u>and the titles</u> to Fix and Tow and Savic. Savic had actual knowledge that TI pledged the Trucks to Firestone, because Firestone's name is on the face of the titles, but Fix and Tow refused to surrender the Trucks and has told Firestone its intention to title the Trucks in its own name.

## JURISDICTION AND VENUE

8. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) insomuch as the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

9. Personal Jurisdiction is appropriate in this Court, pursuant to Ind. R. Trial P. 4.4, insomuch as:

   a. TI voluntarily surrendered the Trucks and titles to the Trucks to Fix and Tow and Savic in Griffith, Indiana, causing personal injury or property damage by an act or omission done within this state. *See* Ind. R. Trial. P. 4.4(A)(2).

    b. Tatar, acting in his capacity as an Officer of TI, voluntarily surrendered the Trucks and titles to the Trucks to Fix and Tow and Savic in Griffith, Indiana, causing personal injury or property damage by an act or omission done within this state. *Id.*

    c. Fix and Tow is doing business in this state by operating a trucking lot and wrongfully detaining the Trucks at their lot in Griffith, Indiana, and refusing access to Firestone to determine the condition of the Trucks causing personal injury or property damage by an act or omission done within this state. *See* Ind. R. Trial P. 4.4(A)(1-2).

    d. Savic, as officer of Fix and Tow, does business in this state by directing Fix and Tow's lot in Griffith, Indiana, and was informed by Tatar of TI's Agreements with Firestone, and agreed to obtain the Trucks from Tatar and refuse access to Firestone, causing personal injury or property damage by an act or omission done within this state. *Id.*

    e. In addition, a court of this state may exercise jurisdiction on any basis not inconsistent with the Constitutions of this state or the United States. *See* Ind. R. Trial. P. 4.4(A)(8).

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2), because a substantial part of the events or omissions giving rise to Firestone's claims occurred in this judicial district, and because the Defendants reside and/or conduct business in this judicial district.

## FACTS COMMON TO ALL COUNTS

### The Agreements

11. On or about November 8, 2021, Firestone, as lender, and TI, as debtor, entered into an Equipment Finance Agreement No. XXX0113 (the "First Agreement"), for the financing of one

(1) 2019 International LT VIN 3HSDZAPR9KN567651 (the "First Truck"). A true and correct copy of the Agreement is attached hereto as <u>Exhibit 1</u>.

12. To induce Firestone to enter into the First Agreement, Tatar and ACA executed a Master Unlimited Guaranty (the "Master Guaranty") in which Tatar and ACA guaranteed the full and prompt payment and performance of all of TI's obligations under the First Agreement. A true and correct copy of the Master Guaranty is attached hereto as <u>Exhibit 2</u>.

13. Pursuant to the First Agreement, TI agreed to make sixty (60) consecutive monthly payments of $2,378.36. *See* Exhibit 1, p. 1.

14. On or about December 17, 2021, Firestone, as lender, and TI, as debtor, entered into an Equipment Finance Agreement No. XXX0216 (the "Second Agreement") (collectively with the First Agreement, the "Agreements"), for the financing of one (1) 2018 International LT625 VIN 3HSDZAPR7JN323964 (the "Second Truck") (collectively with the First Truck, the "Trucks"). A true and correct copy of the Second Agreement is attached hereto as <u>Exhibit 3</u>.

15. The Master Guaranty executed by Tatar and ACA guaranteed the full and prompt payment and performance of all of TI's obligations under the Second Agreement. *See* Exhibit 2 ¶ 1.

16. Pursuant to the Second Agreement, TI agreed to make sixty (60) consecutive monthly payments of $1,974.26. *See* Exhibit 3, p. 1.

17. Under the Agreements, TI granted Firestone a security interest in the Trucks. *See* Exhibit 1, ¶ 5; *see also* Exhibit 3, ¶ 5.

18. Firestone perfected its security interests in the Trucks by listing itself as a secured party on the titles to the Trucks. True and correct copies of the Trucks' Certificates of Title are attached hereto as <u>Group Exhibit 4</u>.

**Payment Default**

19. Firestone has performed all of its obligations under the Agreement.

20. TI defaulted under the Agreements by failing to make the payments due.

21. As a result of TI's default under the First Agreement, Firestone is entitled to damages of $94,019.35 after crediting TI for all payments received pursuant to the First Agreement.

22. As a result of TI's default under the Second Agreement, Firestone is entitled to damages of $79,576.37 after crediting TI for all payments received pursuant to the Second Agreement.

23. Tatar and ACA failed to make payments pursuant to the Master Guaranty.

24. For the monies due under the Agreements, Firestone is entitled to pre-judgment interest at the contractual rate of twelve percent (12%) per annum continuing to accrue until judgment, or the maximum rate permitted by law as well as late charges. *See* Exhibit 1, ¶ 8; *see also* Exhibit 3 ¶ 8.

25. Firestone is further entitled to attorneys' fees and costs pursuant to the Agreement. *See* Exhibit 1, ¶ 8; *see also* Exhibit 3 ¶ 8.

26. Firestone sent demands for payment and return of the Trucks to the Defendants.

27. The Defendants failed and refused to comply to Firestone's demands.

28. Upon information and belief, based on Savic's representation to Firestone, TI and Tatar placed the Trucks in Fix and Tow's possession in Griffith, Indiana. Upon information and belief, in an effort to harm Firestone, out of spite, TI and Tatar tendered the Trucks' titles to Fix and Tow and Savic.

29. The titles list the original dealer, Compass Truck Sales LLC, as the owner, and Firestone to be listed as lienholder on the to be issued titles to TI. *See* Group Exhibit 4.

30. Instead of obtaining new titles, TI operated the Trucks using the existing titles.

31. After default, TI refused to surrender the Trucks to Firestone and left them with Savic and Fix and Tow at Fix and Tow's Griffith, Indiana location.

32. Fix and Tow and Savic, despite not having a lien on the Trucks, refused to allow Firestone to inspect the Trucks and to repossess the Trucks.

33. At all times relevant, TI, Tatar, Fix and Tow, and Savic had actual knowledge of Firestone's lien.

## COUNT I
## BREACH OF CONTRACT AGAINST TATAR INC.

34. Firestone repeats and realleges paragraph 1 through 33 as though fully set forth herein.

35. Under the Agreements, TI is indebted to Firestone for the amounts set forth herein.

36. TI has failed and refused to make payments due and owing under the Agreements.

37. As a result of TI's default under the Agreements, Firestone is entitled to payment of $173,595.72, plus prejudgment interest at the rate of twelve percent (12%) per annum continuing to accrue until judgment, late charges, and attorneys' fees and costs.

WHEREFORE, Firestone Financial, LLC respectfully requests that this Court enter Judgment in its favor and against Tatar Inc. in the amount of $173,595.72, plus prejudgment interest at the rate of twelve percent (12%) per annum continuing to accrue until judgment, late charges, and attorneys' fees and costs, as well as all other and further relief which this Court deems just.

## COUNT II
## BREACH OF GUARANTY AGAINST ALEKSANDER TATAR

38. Firestone repeats and realleges paragraphs 1 through 37 as though fully set forth herein.

39. Tatar defaulted under the Master Guaranty by failing and refusing to make payments when due.

40. Due to Tatar's default under the Master Guaranty, Firestone is entitled to payment of $173,595.72, plus prejudgment interest at the rate of twelve percent (12%) per annum continuing to accrue until judgment, late charges, and attorneys' fees and costs.

WHEREFORE, Firestone Financial, LLC respectfully requests that this Court enter Judgment in its favor and against Aleksander Tatar in the amount of $173,595.72, plus prejudgment interest at the rate of twelve percent (12%) per annum continuing to accrue until judgment, late charges, and attorneys' fees and costs, as well as all other and further relief which this Court deems just.

## COUNT III
## BREACH OF GUARANTY AGAINST ACA TRUCKING PARTNERS INC.

41. Firestone repeats and realleges paragraphs 1 through 40 as though fully set forth herein.

42. ACA defaulted under the Master Guaranty by failing and refusing to make payments when due.

43. Due to ACA's default under the Master Guaranty, Firestone is entitled to payment of $173,595.72, plus prejudgment interest at the rate of twelve percent (12%) per annum continuing to accrue until judgment, late charges, and attorneys' fees and costs.

WHEREFORE, Firestone Financial, LLC respectfully requests that this Court enter

Judgment in its favor and against ACA Trucking Partners Inc. in the amount of $173,595.72, plus prejudgment interest at the rate of twelve percent (12%) per annum continuing to accrue until judgment, late charges, and attorneys' fees and costs, as well as all other and further relief which this Court deems just.

## COUNT IV
## REPLEVIN AGAINST TATAR INC. and FIX AND TOW, INC.

44. Firestone re-alleges and re-asserts Paragraphs 1 through 43 of its Verified Complaint as though fully set forth herein.

45. This claim is brought pursuant to Indiana Code § 32-35-2, *et seq.*, made applicable to this proceeding pursuant to 28 U.S.C. § 1652, for the Trucks are located in Indiana.

46. Pursuant to the Agreements, Firestone is entitled to possession of one (1) 2019 International LT VIN 3HSDZAPR9KN567651 and one (1) 2018 International LT625 VIN 3HSDZAPR7JN323964. *See* Exhibit 1, ¶ 8; *see also* Exhibit 3 ¶ 8.

47. Due to TI's default under the Agreements, Firestone is entitled to the return of the Trucks. *Id.*

48. Firestone has been unable to secure the Trucks by peaceful means.

49. TI and Fix and Tow are wrongfully and unlawfully detaining the Trucks.

50. Firestone has made demand upon TI and Fix and Tow for the return of the Trucks, but TI and Fix and Tow have failed and refused to return same.

51. The Trucks have not been taken for any tax, assessment, or fine levied by virtue of any law of this State, against the property of such plaintiff, or against him or her individually, nor seized under any lawful process against the goods and chattels of such plaintiff subject to such lawful process, nor held by virtue of any order for replevin against such plaintiff.

52. Upon information and belief, the First Truck is located at Fix and Tow's lot at 209 N. Colfax St., Griffith, IN 46319.

53. Upon information and belief, the Second Truck is located at Fix and Tow's lot at 209 N. Colfax St., Griffith, IN 46319.

54. The First Truck is valued between $90,000.00 and $100,000.00 depending on its condition.

55. The Second Truck is valued between $80,000.00 and $90,000.00 depending on its condition.

56. Alternatively, upon information and belief, Fix and Town is in possession of the Trucks and may have moved them to a lot in Illinois. Therefore, to the extent that the Trucks are located in Illinois this claim is brought pursuant to 735 ILCS § 5/19-101, *et seq*., made applicable to this proceeding pursuant to 28 U.S.C. § 1652.

57. Pursuant to the Agreements, Firestone is entitled to possession of one (1) 2019 International LT VIN 3HSDZAPR9KN567651 and one (1) 2018 International LT625 VIN 3HSDZAPR7JN323964. *See* Exhibit 1, ¶ 8; *see also* Exhibit 3 ¶ 8.

58. TI refuses to surrender the Trucks voluntarily.

59. TI and Fix and Tow are wrongfully and unlawfully detaining the Trucks from Firestone.

60. Firestone has made demand upon TI and Fix and Tow for the return of the Trucks, but TI and Fix and Tow have failed and refused to return same.

61. The Trucks have not been taken for any tax, assessment, or fine levied by virtue of any law of the State of Illinois against property of Firestone, nor seized under any lawful process

9

against the goods and chattels of Firestone subject to such lawful process, nor held by virtue of any order for replevin, execution, or attachment against Firestone.

62. Upon information and belief, the Second Truck is located at Fix and Tow's lot at 4521 Elm Ave., #1B, Brookfield, IL 60513.

63. Upon information and belief, the Second Truck is located at Fix and Tow's lot at 4521 Elm Ave., #1B, Brookfield, IL 60513.

64. The First Truck is valued between $90,000.00 and $100,000.00 depending on its condition.

65. The Second Truck is valued between $80,000.00 and $90,000.00 depending on its condition.

WHEREFORE, Plaintiff Firestone Financial, LLC respectfully requests that this Court enter writ of replevin directing the U.S. Marshal or other lawful authority to use all necessary force to repossess: one (1) 2019 International LT VIN 3HSDZAPR9KN567651 and one (1) 2018 International LT625 VIN 3HSDZAPR7JN323964 and/or any portion thereof, from 209 N. Colfax St., Griffith, IN 46319, or 4521 Elm Ave., #1B, Brookfield, IL 60513, or wherever they may be found, and enter a judgment against Tatar Inc. and Fix and Tow, Inc., for the value of any of the Equipment not so returned, plus attorneys' fees and costs, and such other and further relief as this Court deems just.

## COUNT V
## CONVERSION AGAINST TATAR INC., and ALEKSANDER TATAR

66. Firestone re-alleges and re-asserts Paragraphs 1 through 65 as though fully set forth herein.

67. Firestone has a right to the Trucks pursuant Firestone being a secured party on the Trucks' Certificates of Title.

68. Firestone's secured interest in the Trucks is a property interest.

69. The Agreements prohibit TI and Tatar from transferring the Trucks to anyone without Firestone's written consent. *See* Exhibit 1, ¶ 7; *see also* Exhibit 3 ¶ 7.

70. Tatar executed the Agreements on behalf of TI.

71. Consequently, Tatar had actual knowledge that TI's transfer of the Trucks without Firestone's written consent was not permitted.

72. TI, through Tatar, transferred the Trucks to Fix and Tow without Firestone's consent.

73. By transferring the Trucks to Fix and Tow without Firestone's consent, TI and Tatar, intentionally deprived Firestone of its immediate right to take physical possession of the Trucks, thereby negating Firestone's ability to mitigate its damages resulting from TI's breach of the Agreements.

74. Firestone has an absolute and unconditional right to the immediate possession of the Trucks as a result of the payment default under the Agreements.

75. Firestone has demanded possession of the Trucks from Fix and Tow and Savic, but Fix and Tow and Savic ignored Firestone's demand.

76. TI and Tatar, wrongfully and without authorization allowed Fix and Tow and Savic to assume control, dominion, or ownership over the Trucks.

77. The fair market value of the First Truck is valued between $90,000.00 and $100,000.00 depending on its condition.

78. The fair market value of the Second Truck is valued between $80,000.00 and $90,000.00 depending on its condition.

79. Accordingly, Firestone has suffered actual damages in the amount of $173,595.72 due to TI's and Tatar's conversion of the Trucks. Moreover, Firestone is entitled to punitive damages of at least two times Firestone's actual damages because of TI's and Tatar's intentional, wrongful conduct, as well as interest accruing from the date when TI and Tatar tendered the Trucks to Fix and Tow and/or Savic.

WHEREFORE, Firestone Financial, LLC respectfully requests that the Court enter judgment in its favor and against Tatar Inc. and Aleksander Tatar jointly and severally, in the amount of $173,595.72, plus punitive damages of at least two (2) times Firestone's actual damages, prejudgment interest, and attorneys' fees and costs, and such other and further relief as this Court deems just.

### COUNT VI
### CONVERSION AGAINST FIX AND TOW, INC. AND RADIVOJ SAVIC a/k/a SAVIC RADIVOJ

80. Firestone re-alleges and re-asserts Paragraphs 1 through 79 as though fully set forth herein.

81. Firestone has a right to the Trucks pursuant Firestone being a secured party on the Trucks' Certificates of Title.

82. Firestone's secured interest in the Trucks is a property interest.

83. Fix and Tow and Savic were aware, or should have been aware, of Firestone's interest in the Trucks at the time Fix and Tow and Savic took possession of the Trucks.

84. By restraining the Trucks after Firestone's demand for their return, Fix and Tow intentionally deprived Firestone of the ability to inspect and repossess the Trucks and to mitigate Firestone's damages resulting from TI's breach of the Agreements.

85. Firestone has an absolute and unconditional right to the immediate possession of the Trucks as a result of the payment default under the Agreements.

86. Firestone has demanded possession of the Trucks from Fix and Tow and Savic.

87. Fix and Tow and Savic wrongfully and without authorization assumed control, dominion, or ownership over the Trucks.

88. The fair market value of the First Truck is valued between $90,000.00 and $100,000.00 depending on its condition.

89. The fair market value of the Second Truck is valued between $80,000.00 and $90,000.00 depending on its condition.

WHEREFORE, Firestone Financial, LLC respectfully requests that the Court enter judgment in its favor and against Fix and Tow, Inc. and Radivoj Savic a/k/a Savic Radivoj, jointly and severally, in the amount of $173,595.72, plus punitive damages of at least two (2) times Firestone's actual damages, prejudgment interest, and attorneys' fees and costs, and such other and further relief as this Court deems just.

## COUNT VII
## UNJUST ENRICHMENT AGAINST FIX AND TOW, INC.

90. Firestone re-alleges and re-asserts Paragraphs 1 through 89 of its Verified Complaint as though fully set forth herein.

91. Fix and Tow controls the Trucks by holding the Trucks on Fix and Tow property.

92. Fix and Tow is exercising unlawful dominion and ownership of the Trucks by not allowing Firestone to retain possession of the Trucks.

93. Fix and Tow has been unjustly enriched at Firestone's expense by retaining the fair market value of the Trucks, without compensating Firestone.

94. Accordingly, Firestone has been damaged in an amount equal to the fair market value of the Trucks, which is $173,595.72.

WHEREFORE, Firestone Financial, LLC respectfully requests that the Court enter judgment in its favor and against Defendant Fix and Tow, Inc. in the amount of $173,595.72 or such other amount as Firestone proves, plus interest, and costs; and grant Firestone such other and further relief this Court deems just.

FIRESTONE FINANCIAL, LLC

By:   /s/ D. Alexander Darcy
D. Alexander Darcy (ARDC # 6220515)
Darcy & Devassy PC
444 North Michigan Avenue
Suite 3270
Chicago, IL 60611
(312) 784-2400 (t)
(312) 784-2410 (f)
adarcy@darcydevassy.com