IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| FIRESTONE FINANCIAL, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TATAR INC., ) <br> ALEKSANDER TATAR, ) <br> ACA TRUCKING PARTNERS INC., ) <br> FIX AND TOW, INC. and RADIVOJ SAVIC a/k/a ) <br> SAVIC RADIVOJ, ) <br> ) <br> Defendants. ) | Case No.: 2:23-cv-00261 |

**MOTION FOR DEFAULT JUDGMENT AS TO ACA TRUCKING PARTNERS INC., AND MOTION TO DISMISS WITHOUT PREJUDICE AS TO TATAR, INC., FIX AND TOW, INC., AND RADIVOJ SAVIC A/K/A SAVIC RADIVOJ, AND MOTION TO DISMISS WITH PREJUDICE AS TO ALEKSANDER TATAR**

NOW COMES Plaintiff Firestone Financial, LLC ("Firestone"), by and through its counsel, and for its Motion for Default Judgment against Defendants ACA Trucking Partners Inc. ("ACA"), pursuant to Fed. R. Civ. P. 55(b), and for its Motion to Voluntarily Dismiss without Prejudice against Tatar, Inc. ("TI"), Fix and Tow, Inc. ("FATI"), and Radivoj Savic a/k/a Savic Radivoj ("Savic"), and Motion to Dismiss with Prejudice against Aleksander Tatar ("Tatar"), pursuant to Fed. R. Civ. P. 55(b)(1), states as follows:

## BACKGROUND

1. This motion proposes to resolve the entire case by having a judgment entered against ACA Trucking Partners Inc., dismissing Tatar with Prejudice, dismissing all other defendants without prejudice, and making the single judgment final and appealable pursuant to Fed. R. Civ. P. 54(b).

1

2. Under Agreement No. XXX0113 and Agreement No. XXX0216, Firestone financed commercial vehicles for Tatar, Inc. ("TI"). Alexsander Tatar and ACA guaranteed all of TI's obligations to Firestone. TI defaulted on its loan obligations, and Firestone sought to recover its collateral, the financed vehicles, which Firestone believes Mr. Tatar and the other defendants held for "ransom" by concealing the location and demanding payment for exorbitant repair and storage bills. After this suit was initiated and on the verge of being defaulted in this case, Mr. Tatar filed for bankruptcy in the Eastern District of Oklahoma. Firestone filed an adversary suit against him for non-dischargeability relating to its "missing" collateral. After Firestone filed its adversary suit, Mr. Tatar identified the location of on of the two trucks, and Firestone was able to recover and dispose of one of the two trucks. Firestone has not located or recovered the other truck. Firestone settled its claims with Tatar in his adversary case.

3. On July 26, 2023, Firestone filed its Verified Complaint against TI, Tatar, ACA, FATI, and Savic (the "Lawsuit"). *See* Docket Entry No. 1.

4. On April 22, 2024, Firestone obtained service on ACA via the Indiana Secretary of State. *See* Docket Entry No. 18.

5. Federal Rule of Civil Procedure 12(a)(1)(A)(i) provides the time for serving a responsive pleading is within twenty-one (21) days after being served with the Summons and Complaint. Fed. R. Civ. P. 12(a)(1)(A)(i) (West 2025). Accordingly, ACA's responsive pleadings were due on or before May 13, 2024.

6. On November 8, 2024 Default was entered against ACA for failure to plead or otherwise defend as provided by Federal Rules of Civil Procedure 55(a). *See* Docket Entry No. 23.

7. Pursuant to Federal Rule of Civil Procedure 8(b)(6), an allegation, except those relating to the amount of damages, is deemed admitted if a responsive pleading is required and the allegation is not denied. *See* Fed. R. Civ. P. 8(b)(6) (West 2025).

8. Therefore, ACA admits the following:

a) On or about November 8, 2021, Firestone, as lender, and Tatar Inc. ("TI"), as debtor, entered into an Equipment Finance Agreement No. XXX0113 (the "First Agreement"), for the financing of one (1) 2019 International LT VIN 3HSDZAPR9KN567651 (the "First Truck").

b) To induce Firestone to enter into the First Agreement, Tatar and ACA Trucking Partners Inc. ("ACA") executed a Master Unlimited Guaranty (the "Master Guaranty") in which Tatar and ACA guaranteed the full and prompt payment and performance of all of TI's obligations under the First Agreement.

c) Pursuant to the First Agreement, TI agreed to make sixty (60) consecutive monthly payments of $2,378.36.

d) On or about December 17, 2021, Firestone, as lender, and TI, as debtor, entered into an Equipment Finance Agreement No. XXX0216 (the "Second Agreement") (collectively with the First Agreement, the "Agreements"), for the financing of one (1) 2018 International LT625 VIN 3HSDZAPR7JN323964 (the "Second Truck") (collectively with the First Truck, the "Trucks").

e) The Master Guaranty executed by Tatar and ACA guaranteed the full and prompt payment and performance of all of TI's obligations under the Second Agreement.

f) Pursuant to the Second Agreement, TI agreed to make sixty (60) consecutive monthly payments of $1,974.26.

g) Under the Agreements, TI granted Firestone a security interest in the Trucks.

h) Firestone perfected its security interests in the Trucks by listing itself as a secured party on the titles to the Trucks.

i) Firestone has performed all of its obligations under the Agreement.

j) TI defaulted under the Agreements by failing to make the payments due.

k) Tatar and ACA failed to make payments pursuant to the Master Guaranty.

l.) For the monies due under the Agreements, Firestone is entitled to pre-judgment interest at the contractual rate of twelve percent (12%) per annum continuing to accrue until judgment, or the maximum rate permitted by law as well as late charges.

m.) Firestone is further entitled to attorneys' fees and costs pursuant to the Agreement.

n.) Firestone sent demands for payment and return of the Trucks to the Defendants.

o.) The Defendants failed and refused to comply to Firestone's demands.

p.) ACA defaulted under the Master Guaranty by failing and refusing to make payments when due.

q.) Due to ACA's default under the Master Guaranty, Firestone is entitled to payment of $173,595.72, plus prejudgment interest at the rate of twelve percent (12%) per annum continuing to accrue until judgment, late charges, and attorneys' fees and costs.

A correct and true copy of the Declaration of Steven Principi in Support of Damages (the, "Principi Declaration") is attached hereto as Exhibit 1.

## DAMAGES

9. Per Count III of Firestone's Verified Complaint, ACA is indebted to Firestone for money damages in the amount of $213,477.36. *See* Principi Declaration ¶ 26. Firestone's damages are calculated as follows:

The First Agreement No. XXX0113:

| | |
|---|---|
| **Principal Due as of March 15, 2023:** (39.71 payments x $2,613.92 payment amount) | $92,530.05 |
| **Proceeds from sale of the First Truck** | ($13,000.00) |
| **Payment received from Bankruptcy Settlement** | ($5,000.00) |
| **Interest:** (Per diem rate of $21.90 July 8, 2022 through September 17, 2025 (1,167 days) 1,167 days x $21.90 per diem = $25,557.30) | $25,557.30 |
| **Late Charges:** | $3,924.36 |
| **NSF Fees:** | $245.00 |

4

| | |
|---|---|
| **Escrow Reserve Balance:** | ($395.00) |
| **Total of the First Agreement:** | $103.861.71 |

The Second Agreement No. XXX0216:

| | |
|---|---|
| **Principal Due as of March 15, 2023:** <br> (40.32 payments x $2,406.38 payment amount) | $77,413.36 |
| **Interest**: <br> (Per diem rate of $22.76 <br> January 19, 2023 through September 17, 2025 (972 days) <br> 853 days x $22.76 per diem = $22,122.72) | $22,122.72 |
| **Late Charges:** | $3,356.14 |
| **NSF Fees:** | $210.00 |
| **Total of the Second Agreement:** | $103,102.22 |
| **TOTAL:** | $206,963.93 |

10. Firestone is also entitled to attorneys' fees and costs in the amount of $48,055.40. *See* Declaration of D. Alexander Darcy in Support of Attorneys' Fees and Costs (the "Darcy Declaration"), attached hereto as Exhibit 2.

11. Firestone is entitled to a total amount of $255,019.33. *See* Principi Declaration; *see also* Declaration of D. Alexander Darcy.

### REQUEST FOR 54(B) LANGUAGE

12. In addition, Pursuant to Fed. R. Civ. P. 54(b):

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

5

13. Firestone requests that the Court make the judgment against ACA final and include Rule 54(b) language that "there is no just reason for delay" in appealing and/or enforcing the judgment to allow Firestone to enforce the judgment immediately, because Firestone is dismissing all remaining defendants including TI, FATI, Savic, and Tatar. Accordingly, Firestone's claims have been "fully resolved with respect to all parties." See, e.g., *Factory Mut. Ins. Co. v. Bobst Grp. USA, Inc.*, 392 F.3d 922, 924 (7th Cir. 2004).

14. Firestone requests that the Court dismiss this cause as to TI, FATI, and Savic without prejudice.

15. Tatar should be dismissed with prejudice, because Firestone's adversary case against him is fully resolved (and his debts have otherwise been discharged).

WHEREFORE, FIRESTONE FINANCIAL, LLC respectfully requests that the Court enter an order:

a) Dismissing this cause as to Tatar Inc., Fix and Tow, Inc, and Radivoj Savic a/k/a Savic Radivoj, without prejudice;

b) Dismissing this cause as to Aleksander Tatar, with prejudice;

c) Granting Firestone Financial, LLC's Motion for Default Judgment;

d) As to Count III, entering judgment in favor of Firestone Financial, LLC, and against ACA TRUCKING PARTNERS INC. in the amount of $206,963.93, for the amounts due under the Agreements, and $48,055.40 in attorneys' fees and costs for a total amount of $255,019.33;

e) Making a finding, pursuant to Fed. R. Civ. P 54(b), that the judgment as to ACA TRUCKING PARTNERS INC. is a partial final judgment and that "there is no just reason to delay" in enforcing and/or appealing the judgment for the reasons stated in the motion; and

f) Awarding further relief as this Court deems just and proper.

                        FIRESTONE FINANCIAL, LLC

By:   /s/ D. Alexander Darcy
       D. Alexander Darcy (ARDC # 06220515)
       Darcy & Devassy PC
       444 N. Michigan Ave., Suite 3270
       Chicago, IL 60611
       (312) 784-2400 (t)
       (312) 784-2410 (f)
       adarcy@darcydevassy.com