UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| FIRESTONE FINANCIAL, LLC,<br><br>　　Plaintiff,<br><br>　　v.<br><br>TATAR INC., ALEKSANDER TATAR, ACA TRUCKING PARTNERS INC., FIX AND TOW, INC., RADIVOJ SAVIC,<br><br>　　Defendants. | Case No. 2:23-CV-261-GSL-APR |

### ORDER AND OPINION

This matter is before the Court on Plaintiffs' Motion for Default Judgment, at [DE 28], which Defendant never responded to.

Plaintiff Firestone financed commercial vehicles for Defendant Tatar, Inc. ("TI"). [DE 28-1]. Defendants Mr. Alexsander Tatar and ACA guaranteed all of Defendant TI's obligations to Plaintiff. [*Id.* at 15]. TI eventually defaulted on its loan obligations, so Plaintiff sought to recover the financed vehicles. [DE 28]. Plaintiff believes Defendant Mr. Tatar and the other defendants held the financed vehicles at "ransom," by concealing the location and demanding payment for repair and storage. [*Id.*].

After Plaintiff filed this suit and after the clerk had entered default against Defendant Mr. Tatar, he filed for bankruptcy in the Eastern District of Oklahoma. [*Id.*; DE 23]. As a result, Plaintiff filed an adversary suit against him for non-dischargeability from its "missing" trucks. Shortly thereafter, Defendant Mr. Tatar identified the location of one of the two trucks, and Plaintiff was able to recover and dispose it. [DE 28.]. To date, Plaintiff has not located or

recovered the other truck, however, Plaintiff settled its claims with Defendant Mr. Tatar in his adversary case. [*Id.*].

While the adversary suit was proceeding, the Court in this case ordered Plaintiff to show cause or risk dismissal for failure to prosecute. [DE 24]. Plaintiff did so at [DE 25], informing the Court that the delay here is related to the progress made in the adversary case against Defendant Mr. Tatar. Plaintiff proposed that within 90 days he file a Rule 55(b) motion for default judgment as to Defendant ACA and request Rule 54(b) language to make that judgment final, and then simultaneously dismiss all other defendants without prejudice. [DE 25]. The Court granted that request at [DE 27]. Accordingly, Plaintiff filed a Motion for Default Judgment under Rule 55 as to Defendant ACA at [DE 28].

Upon reviewing that Motion, the Clerk's Entry of Default Against Defendant ACA at [DE 23], the Motion requesting Clerk's Entry of Default Against Defendant ACA at [DE 21], and the returned summons at [DE 18], it appears Defendant ACA may not have been properly served and therefore, the Clerk's Entry of Default may be improper. Plaintiff asserts "[o]n April 22, 2024, ACA was served via certified mail through the Indiana Secretary of State at 2809 Ralston St Gary, IN 46406. See Docket Entry No. 18." However, the Affidavit of Service by Secretary of State, [DE 18], states that the "Result of Mailing" was "RETURN TO SENDER." [*Id.* at 1.]. Similarly, the "Return Receipt," states "FORWARD TIME EXP, RTN TO SEND." [*Id.* at 4.].

Due to the possibility that service may not have been properly executed as to Defendant ACA, Plaintiff is ORDERED to provide proof of service to Defendant ACA by October 26, 2025. The Court will revisit Plaintiff's Motion for Default Judgment Against Defendant ACA, [DE 28], then.

2

SO ORDERED.

ENTERED: October 16, 2025

/s/ GRETCHEN S. LUND
Judge
United States District Court